**James E. FULLER, Jr., Plaintiff,**

v.

**CALICO LOBSTER COMPANY, INC., Defendant.**

**Civil Action No. 06–10855–NMG.**

United States District Court, D. Massachusetts.

Oct. 19, 2007.

David F. Anderson, Latti & Anderson LLP, Boston, MA, for Plaintiff.

Julie C. Easter, Joseph A. Regan, Regan & Kiely, LLP, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, a seaman, brought this action against the defendant for an injury he suffered while working on the defendant's fishing vessel. The jury found for the plaintiff on one of the claims and the defendant now renews its motion for judgment as a matter of law with respect to that claim.

### I. *Background*

The plaintiff's eye was injured by a parted line while working on the deck of defendant's lobster boat. The Court has subject matter jurisdiction over this matter pursuant to the Merchant Marine Act of 1920, commonly known as the "Jones Act", 46 U.S.C.App. § 688 *et seq.*, which provides a federal cause of action for any seaman who suffers personal injury in the course of his employment. The plaintiff brought claims against his employer for 1) negligence, 2) unseaworthiness and 3) maintenance and cure. A four-day jury trial was conducted in June, 2007.

At trial, the plaintiff offered evidence that in December 2004, while working aboard the defendant's vessel, the F/V TERRI ANN ("the vessel"), lobster gear of that vessel became entangled with the gear of another vessel. During the process of clearing the snarl, the plaintiff was instructed by the Captain to cut a line which was under tension. The plaintiff cut the line and one end snapped back and hit him directly in the eye, thereby rupturing his left eyeball.

The plaintiff contended that, at the time of the incident, the snarled lobster gear was not fit for the purpose for which it was intended and was, therefore, unseaworthy. The plaintiff further asserted that the Captain failed to use reasonable care un-

der the circumstances when he instructed the plaintiff to cut a line under tension.

As a result of the incident, the plaintiff lost vision in his left eye and now wears a prosthetic device. The Court instructed the jury that it could award damages for lost wages and diminished earning capacity but, because the plaintiff was only out of work for a few months, the core element of damages related to the eye injury. Mr. Fuller has worked for the defendant since 1994 and continued to work for it during the lawsuit in the same capacity. The Court further instructed the jury that it could award damages on the plaintiff's claim of "maintenance and cure," which provides for reasonable living expenses during an injured seaman's recuperation on shore.

At the conclusion of the presentation of evidence, the defendant moved for judgment as a matter of law on the claims for negligence, unseaworthiness and maintenance and cure. The Court denied all three motions, but the docket reflects only that ruling with respect to the first two.

The jury returned a verdict for the defendant on the claims of negligence and unseaworthiness but found that the defendant was liable on the claim for maintenance and cure. It awarded the plaintiff $5,000 in damages over and above the $945 he had already been paid by the defendant.

On July 13, 2007, the defendant filed a renewed motion for judgment as a matter of law with respect to the claim for maintenance and cure, which is opposed by the plaintiff and resolved as follows.

## II. *Analysis*

■ "Maintenance and cure" is the policy of providing to a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment and the means of maintaining himself, during the period of his convalescence.

The parties agree that Calico provided the cure portion of "maintenance and cure," i.e. his expenses for medical care and treatment. They further agree that Calico had paid maintenance to Fuller totaling $945. Thus, the only issue submitted to the jury was whether the maintenance paid by Calico was sufficient.

The Court instructed the jury as follows: "Maintenance" is defined as the cost of food and lodging during convalescence. If entitled to maintenance, a seaman is entitled to receive his costs of obtaining, during his convalescence, food and lodging substantially equivalent to that provided on board the vessel. To this end, the seaman must present evidence that he expended sums for food and lodging ashore that was substantially equivalent to that provided on the vessel. However, a seaman is not entitled to maintenance for that period of time that hospitalization is provided by the employer because such hospitalization includes the food and lodging of the seaman, and therefore the maintenance obligation of the employer is discharged.

With regard to the period of time covered by the claim for maintenance, a seaman is entitled to receive maintenance from the date he leaves the vessel until he reaches the point of "maximum possible cure" under the circumstances, that is, the point at which no further improvement in the seaman's medical condition is to be reasonably expected. The obligation ends when qualified medical opinion is to the effect that maximum possible cure has been effected. The date when a seaman resumes his employment is one factor you may consider in determining when the period, if any, during which a seaman is entitled

to maintenance, ends. In a case where the evidence warrants a finding that the seaman was forced by economic necessity to return to work prior to reaching maximum possible cure, that fact may be taken into account in determining the date on which maintenance should terminate. However, when that period begins and ends are matters for you to determine from all of the evidence in the case.

Finally, you must keep in mind that maintenance is strictly personal to the seaman and he may not recover any money for the cost of maintaining his family but he may recover reasonable expenses for a single seaman, including mortgage payments, utilities and cost of food.

*See Hall v. Noble Drilling (U.S.) Inc.,* 242 F.3d 582 (5th Cir.2001). Neither party objected to that part of the instructions.

 The defendant argues that there was insufficient evidence presented at trial to sustain an award of maintenance beyond the $945 paid by the plaintiff, but the evidence demonstrated that the plaintiff had mortgage payments of $1,100 per month and was recuperating for 63 days. A seaman who owns a family home is entitled to recovery of the full amount of his mortgage payments, otherwise his ownership would be jeopardized. *See Hall,* 242 F.3d at 589. Based on that fact alone, therefore, the plaintiff is entitled to his pro-rated mortgage payments in the amount of $2,310.

The defendant further argues that, because the only evidence of the plaintiff's expenses introduced at trial relate to his mortgage payments, the maximum recovery to which he is entitled is $1,365, which is the amount of his mortgage obligations less the $945 he has already been paid. The jury finding of $5,000 reflects, defendant asserts, a windfall of $3,635 in unspecified and unsupported living expenses.

In *Hall,* the United States Court of Appeals for the Fifth Circuit (a court particularly conversant with maritime law) held that maintenance and cure may be awarded to cover the costs of heat, electricity, water, food and other necessities that are personal to the seaman. 242 F.3d at 589, n. 31. The Court further opined that it should review jury awards for "reasonableness" rather than focus on the exact proration of the seaman's living expenses among those with whom he shares a household.

Although $58 per day in addition to mortgage payments (to which the jury verdict computes) seems to be a generous award in the absence of other specific evidence regarding the plaintiff's living expenses, it is not beyond the realm of reasonableness such that the Court should disturb it. The plaintiff resides in Plymouth, Massachusetts, on the South Shore, an area from which jurors for this Court are drawn. Greater Boston is a comparatively expensive place to live, especially during the winter, when the plaintiff was recuperating, and it was within the province of the jury to calculate the living expenses for a person in the plaintiff's position. The motion will, therefore, be denied.

### ORDER

In accordance with the foregoing, the defendant's motion for judgment as a matter of law (Docket No. 43) is **DENIED.**
**So ordered.**